IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| BRAXTON LUCAS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 17-cv-00836-JPG |
|  | ) |  |
| BRYAN GLIDDEN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Braxton Lucas, an inmate who is currently detained at Fayette County Jail ("Jail") in Vandalia, Illinois, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff complains about the conditions of his confinement at the Jail. (Doc. 1, p. 4). He seeks monetary relief. (Doc. 1, p. 5).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th

1

Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint does not survive preliminary review under this standard and shall be dismissed.

## Complaint

In the Complaint, Plaintiff takes issue with three aspects of his confinement at the Jail. First, Plaintiff claims that he has been denied access to his religious book. (Doc. 1, p. 4). The Illinois Department of Corrections allegedly approved the book and transferred it to the Jail with Plaintiff's personal property. *Id*. However, jail officials will not provide it to Plaintiff until he agrees to cut the binding and cover off of it. *Id*. Second, Plaintiff alleges that his religious diet "is affected." *Id*. The Jail provides him with a vegetarian diet. *Id*. However, it is allegedly "lacking" in nutritional value. *Id*. Third, Plaintiff complains that the Jail's law library is also "lacking." *Id*. The law books are allegedly old (*i.e.*, 2010 and 2014 editions). *Id*. Law library visits are not allowed. *Id*. Jail officials "look up and print things from the internet." *Id*. However, Plaintiff claims that "most things are wrong." *Id*. For example, he received Arkansas legal forms in response to his request for Illinois legal forms. *Id*.

## Discussion

The Complaint does not survive screening as drafted due to a variety of pleading errors, which are discussed herein. The Complaint shall be dismissed. However, the dismissal shall be without prejudice, and Plaintiff will have an opportunity to re-plead his claims.

First, the Complaint names a single defendant in the case caption but nowhere in the statement of claim. (Doc. 1, pp. 1, 4). Merely naming a defendant in the caption of a complaint is insufficient to state a claim against that individual. *See generally Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Second, the allegations do not describe anyone who was responsible for a deprivation of Plaintiff's constitutional rights. Section 1983 creates a cause of action against individuals who cause or participate in a constitutional deprivation while acting under color of state law. *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). To be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The doctrine of *respondeat superior* does not apply in this context. *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011).

Plaintiff names Bryan Glidden as the only defendant. To state a plausible claim against him, Plaintiff must explain what this defendant did to violate his rights. The standard civil rights complaint form offered to *pro se* prisoner litigants in this District puts it this way: "State . . . as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments o[r] citations. . . ." In other words, Plaintiff must explain when, where, and how Bryan Glidden infringed on his right to exercise his religion, to receive adequate nourishment, and to access the courts. When did Plaintiff ask Glidden for his religious book, adequate meals, or law library access? What was his response? How did that result in a constitutional deprivation? Without this basic information, the Court is unable to assess whether the Complaint articulates any claim for relief against this individual.

Third, the Complaint refers to no other jail officials in the statement of claim. In his amended complaint, Plaintiff should name all jail officials who were involved in the deprivation

of his constitutional rights. He should also name these individuals as defendants in the case caption. The Court will not add them as defendants on his behalf. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). The fact that Plaintiff may not know the names of certain defendants is not fatal to his claims against them. A plaintiff is not required to identify a defendant by name in order to establish his or her personal involvement in a constitutional deprivation. It is enough at this stage to refer to unknown defendants in generic terms, such as "John/Jane Doe." *Rodriguez*, 577 F.3d at 832.

Finally, Plaintiff should be aware that unrelated claims against different defendants cannot proceed in the same action. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007). The Court has broad discretion when deciding whether to sever claims under Federal Rule of Civil Procedure 21. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). If Plaintiff chooses to bring unrelated claims against different groups of defendants in his amended complaint, the Court will sever them into new cases and assess an additional filing fee for each new case.

For each of the above-stated reasons, the Complaint shall be dismissed. However, Plaintiff may file an amended complaint, if he wishes to pursue his claims against Jail officials. If he chooses to do so, Plaintiff must comply with the instructions and deadline set forth in the below disposition.

## **Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 5) is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases, *Romanelli v. Suliene*,

615 F.3d 847, 851 (7th Cir. 2010), but a district court may exercise its discretion and recruit counsel for an indigent litigant. *See* 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). Plaintiff has filed a motion seeking leave to proceed *in forma pauperis*, which was granted. He is indigent.

The Court must next consider whether the plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If he has done so, the Court must also examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). Plaintiff discloses no efforts to secure counsel on his own. (Doc. 5, p. 1). He explains that his incarceration prevented him from doing so. *Id*. However, incarceration, alone, provides no excuse for failing to contact counsel. Plaintiff complains of no denial of phone access, internet access, or writing materials. Further, he offers no other reason for requesting counsel. (Doc. 5, pp. 1-2). Plaintiff has some college education. *Id*. The claims are relatively straightforward and do not require any specialized knowledge. He identifies no impediment—besides incarceration—to proceeding in this matter *pro se*. *Id*. Absent educational, language, or health barriers, the Court deems it inappropriate to recruit counsel at this time. Plaintiff may renew the motion as this case proceeds, if he believes it is necessary.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" in this case **on or before November 2, 2017**. Should Plaintiff fail to file

his First Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 17-00836-JPG) on the first page. To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

In the amended complaint, Plaintiff must, at a minimum, describe the actions taken by each defendant that resulted in the deprivation of his federal constitutional rights. He should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits or including any other unrelated claims in his amended complaint. **Claims found to be unrelated will be further severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.**

Plaintiff is **ADVISED** that *this* dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original Complaint, rendering the original void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended

Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 4, 2017**

<pre>                                        <u>*s/J. Phil Gilbert*</u>
                                        **J. PHIL GILBERT**
                                        **United States District Judge**</pre>